IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANKLIN WALSTON AND JERRY HANNAH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2120 |
| | § | |
| STATE COUNSEL FOR OFFENDERS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Franklin Duane Walston and Jerry Ricky Hannah, state inmates proceeding *pro se*, jointly filed this lawsuit under 42 U.S.C. § 1983. Subsequent court orders and amendments to the pleadings have resulted in Hannah now having claims separate from Walston in addition to their original joint claims.

After careful consideration of the pleadings, the record, and the applicable law, the Court DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiffs Walston and Hannah were state inmates confined at the Ben Reid Facility during undisclosed times. They both claim that, during their respective confinements, they were exposed to "black mold" in the facility's air ducts, resulting in certain medical symptoms. They name Margaret Parker and Deborah Morgan as defendants under these claims. Hannah also raises separate claims regarding legal proceedings which declared him to be a sexually violent predator; regarding his motion for post-conviction DNA testing;

regarding his 1999 criminal proceedings; and regarding alleged violations of his constitutional rights as a prisoner. He names nine defendants under these claims.

As an initial consideration, the Court notes that there are potential limitations and failure to exhaust issues regarding the plaintiffs' claims. However, as the salient facts and applicable law allow this Court to dismiss the claims on their merits, these procedural issues will not be addressed.

### *Standards of Review*

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). As the United States Supreme Court recently explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted).

### *Individual and Official Capacity Liability*

Plaintiffs do not state whether they are suing the defendants in their official or individual capacities. To the extent the defendants are sued in their official capacities, suits against state officials in their official capacities are equivalent to suits against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). States are not "people" that may be held liable for purposes of section 1983 claims. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, plaintiffs' section 1983 claims against the defendants in their official capacities do not have an arguable basis

in law and are DISMISSED. To the extent plaintiffs sue the defendants in their individual capacities, such claims are dismissed for the reasons set forth below.

### *Plaintiff Hannah's Separate Claims*

*Dismissal of Claims Barred by Heck*

Hannah complains that therapist Susan Pocosangre forced him to confess to false criminal charges and that psychiatrist Sheri Gaines testified falsely at his civil commitment trial. (Docket Entry No. 21.) Hannah seeks monetary damages against them for their violation of his constitutional rights. Even assuming that these two individuals were "state actors" for purposes of section 1983, Hannah's criminal convictions and state civil commitment judgment were affirmed on appeal, and have not been set aside, reversed or otherwise called into judicial question. *In re Commitment of Jerry Hannah*, No. 09-06-314 (Tex. App. – Beaumont 2007, no pet.). Because Hannah's claims challenge the validity of these criminal and quasi-criminal judgments, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Miles v. Texas Bd. of Pardons & Paroles*, 2010 WL 2130639 (5th Cir. 2010). Regardless, defendant Gaines is immune from liability regarding her testimony at Hannah's trial. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001); *see also Kinney v. Weaver*, 367 F.3d 337, 352 (5th Cir. 2004) (en banc) ("[N]o distinction between fact witnesses and expert witnesses . . . [is] drawn in cases involving the absolute immunity that protects witnesses from civil liability arising from their testimony."). Hannah's claims against Pocosangre and Gaines are DISMISSED for failure to state a claim.

*Dismissal of Claims Against Attorneys and State District Judge*

Hannah claims that trial counsel Jerry Andress, state public defender Giustina Persich, assistant district attorney Michael Mark, and state district Judge P. K. Reiter violated his constitutional rights. Persich and Andress are not state actors for purposes of section 1983, and are not amenable to such lawsuit. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Consequently, Hannah's claims against them lack an arguable basis in law and are DISMISSED as frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).

Nor has Hannah set forth facts sufficient to show that the actions of defendants Reiter and Mark were not judicial or prosecutorial in nature or that they were performed in the complete absence of all jurisdiction. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Hannah's conclusory claim in his more definite statement that Reiter "did not pass jurisdiction" fails to set forth factual allegations sufficient to state a jurisdictional issue of constitutional dimension. Reiter and Mark are entitled to judicial and prosecutorial immunity in their respective capacities as a state district judge and state prosecutor for their actions taken in the scope of their judicial and prosecutorial duties. *See Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). Plaintiff's claims against these defendants lack an arguable basis in law and are DISMISSED as frivolous and for failure to state a claim.

*Dismissal of Claims for DNA Comparison Testing*

To the extent Hannah requests the Court to order DNA comparative testing, he enjoys no freestanding federal constitutional right to post-conviction access to DNA evidence for testing. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, __U.S. __, 129 S. Ct. 2308, 2323 (2009); *Richards v. District Attorney's Office*, 355 F. App'x 826 (5th Cir. 2009). No viable constitutional issue is raised, and this claim for relief is DISMISSED.

*Claims Against Glover and Morgan*

The Court ordered Hannah to file a more definite statement, in which he was to state each and every constitutional violation made the basis of his lawsuit, identify each act or omission constituting the violation, and identify the resulting physical injury. (Docket Entry No. 17.) In response, Hannah stated that, from September 29, 2006, through March 19, 2007, Derrek Glover and Deborah Morgan, who were contract employee caseworkers for the Texas Council on Sex Offender Treatment, denied him medications or family interaction, failed to allow him adequate time for medical examinations, and/or were verbally abusive. No underlying factual allegations were made in support of these conclusory statements, nor did Hannah present facts sufficient to establish the personal involvement of these defendants. Accordingly, Hannah fails to plead enough facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Regardless, allegations of

6

"verbal abuse" are insufficient to state a section 1983 claim for relief. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993).

Plaintiff's claims against defendants Glover and Morgan lack an arguable basis in law and are DISMISSED as frivolous and for failure to state a claim.

*Claims against Parker*

As previously noted, the Court ordered Hannah to file a more definite statement, in which he was to state each and every constitutional violation made the basis of his lawsuit, identify each act or omission constituting the violation, and identify the resulting physical injury. (Docket Entry No. 17.) In response, Hannah stated that from September 29, 2006, through March 19, 2007, Margaret Parker, a Cornell Corrections caseworker, forced him to work without pay, and denied him education and religious freedom. (Docket Entry No. 22, pp. 3, 5, 10.)

The Court ordered Hannah to identify the acts and omissions constituting his alleged constitutional violations. By stating nothing more than he was forced to work without pay while incarcerated, Hannah fails to state an issue of constitutional dimension. *See Curry v. Wackenhut Correctional Corp.*, 95 F.3d 52 (5th Cir. 1996). Further, by stating nothing more in his more definite statement than Parker denied him "education" and "religious freedom," and that he had to find properly-fitting clothes in prison trash, no underlying factual allegations are made in support of his conclusory claims. Nor does Hannah present facts sufficient to establish Parker's personal involvement in these alleged constitutional

7

violations. Accordingly, Hannah fails to plead enough facts to state a claim for relief against Parker that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949; *In re Katrina*, 495 F.3d at 205. Plaintiff's claims against defendant Parker are DISMISSED as frivolous and for failure to state a claim.

### *Joint Claims Regarding "Black Mold"*

Plaintiffs jointly complain that, during their respective incarcerations at the Ben Reid Facility, they developed medical symptoms because of "black mold" in the building's air ducts. Walston alleges that these prison conditions aggravated his asthma and allergies. In support, he submits a copy of a medical record dated November 15, 2005, reflecting his treatment for allergies and asthma as a civilian through the Veterans Administration. Hannah claims that, as a result of his own exposure to dust and black mold in the facility's air ducts, he sustained "flu like" symptoms, chest pain, high blood pressure, and headaches, and was "disoriented" and "nauseous." (Docket Entry No. 22, p. 6.) Hannah states that it was Margaret Parker, a "correctional caseworker," who forced him to "live in [a] building with black mold, years of dust[.]" *Id.*, pp. 5, 10. Walston names both Parker and Deborah Morgan, "a civil commitment case manager," as defendants under this claim. (Docket Entry No. 32, p. 4.) Plaintiffs assert that the facility was operated by Cornell Corrections, Inc., and utilized by the Texas Department of Criminal Justice as a confinement facility for the Texas Council on Sex Offender Treatment.

8

It is well settled that prison officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, medical care, and hygiene. *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999). A condition of confinement claim, as with other Eighth Amendment claims, must satisfy tests for both objective and subjective components. Under the objective component, only "extreme deprivations" will establish a conditions of confinement claim. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). The subjective component, on the other hand, requires a showing of deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). To establish deliberate indifference, the inmate must allege facts which, if proved, show that prison officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). An official's failure to alleviate a significant risk which he should have perceived, but did not, cannot be condemned as the infliction of punishment. *Farmer*, 511 U.S. at 837-38; *see also Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

In addition, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute must be more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003).

Plaintiff Hannah alleges in his more definite statement that he had flu-like symptoms, chest pain, hypertension, headaches, and was disoriented and nauseous. (Docket Entry No. 22, p. 6.) He does not disclose the dates he experienced these maladies or their duration, and states that these physical symptoms were due to *all* of the constitutional violations alleged in his lawsuit, including those for the denial of medications and inadequate medical examinations. *Id*. Consequently, he does not specify which physical maladies were the alleged result of the mold and dust exposure. Plaintiff Walston, on the other hand, points to exacerbations of asthma and allergy symptoms as the result of his mold exposure.

Courts who have examined claims for mold in prison settings and complaints of generalized physical maladies such as those alleged here by plaintiffs, have found these and similar maladies insufficient to support an Eighth Amendment conditions of confinement claim for purposes of 42 U.S.C. § 1997e(e). *See Mayes v. Travis State Jail*, C.A. No. 06-CA-709, 2007 WL 1888828 (W.D. Tex. 2007) (finding as *de minimis* inmate's claims for recurrent sinus infections allegedly due to mold and mildew exposure); *Smith v. Fox*, C.A. No. 4:05-CV-1554, 2006 WL 2090170, *6 (D.S.C. 2006) (finding as *de minimis* inmates's claims of migraines and sores in his nose and mouth due to mold and mildew in his cell); *Gill v. Shoemate*, C.A. No. 05-CV-2124, 2006 WL 1285412 at *5 (W.D. La. 2006) (finding as *de minimis* complaints of headaches and eye and throat irritation following exposure to mold, mildew, dust, and fumes); *Vega v. Hill*, C. A. No. 3-05-CV-1577, 2005 WL 3147862 (N.D. Tex. 2005) (finding that conclusory allegations of "bad headaches, sleeplessness," and

10

"dizziness" due to exposure was insufficient to establish a physical injury that was more than *de minimis*).

Even assuming these symptoms were sufficient to state a claim of physical injury under 42 U.S.C. § 1997e(e), *see Smith v. Leonard*, No. 06-41290, 2007 WL 2253484l (5th Cir. 2007), plaintiffs nonetheless fail to state an Eighth Amendment claim because they have not alleged that Parker and Morgan were subjectively aware of the risk to their health and deliberately disregarded it; that is, that they knew about the mold and dust, knew that it was a risk to plaintiffs' health, and deliberately disregarded the risk. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Nor do plaintiffs set forth factual allegations establishing the personal involvement of these defendants regarding their claims for mold and dust exposure; in particular, they fail to assert that these individuals had the authority, or were in a position, to remedy plaintiffs' prison environment or their housing. In short, plaintiffs fail to plead enough facts to state a claim for relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949; *In re Katrina*, 495 F.3d at 205.

Plaintiffs' claims regarding exposure to "black mold" and dust in the facility's air ducts are DISMISSED for failure to state a section 1983 claim for relief.

### *Conclusion*

For these reasons, this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on July 30, 2010.

_____
Gray H. Miller
United States District Judge